**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL WATTE**                                                                                       **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:19-cv-399-DPJ-MTP**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**       **DEFENDANT**

**REPORT AND RECOMMENDATIONS**

Plaintiff Michael Watte brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of determinations made by the Social Security Administration. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that Defendant's Motion to Dismiss [36] be denied, Plaintiff's Motions [43] [44] be denied, and this action be dismissed for lack of jurisdiction.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action on June 7, 2019. The Court determined that the complaint needed clarification and provided Plaintiff multiple opportunities to clarify his claims in writing. *See* Orders [9] [12]. Plaintiff's responses, however, provided little clarity to his claims. *See* Responses [10] [13].

Thus, on October 9, 2019, the Court set a hearing in this matter to allow the *pro se* Plaintiff another opportunity to clarify his claims, and on November 12, 2019, Plaintiff appeared and participated in a hearing before the Court. *See* Order [16]. During the hearing, Plaintiff explained that he receives social security benefit payments. According to Plaintiff, the Social Security Administration ("SSA") wrongfully reduced the amount of his monthly payments for several months. Plaintiff alleges that the SSA determined that his payments should not have been lowered and that he should receive the funds which were withheld. According to Plaintiff,

the withheld funds total between $30,000.00 and $40,000.00.  Plaintiff explained that he is seeking to have the SSA provide him these wrongfully withheld funds.

On May 6, 2020, Defendant filed a Motion to Dismiss [36], arguing that this action is untimely.  Defendant points out that on February 20, 2018, an administrative law judge ("ALJ") granted Plaintiff a fully favorable decision on his application for supplemental security income ("SSI").  Nevertheless, Plaintiff appealed the decision to the Appeals Council.  The Appeals Council denied Plaintiff's request for review and notified Plaintiff of his right to file a civil action within sixty days challenging the ALJ's decision.  According to Defendant, Plaintiff received multiple extensions of time to file a civil action, but he filed the instant action seven months after the extended deadline.

The Motion to Dismiss [36], however, does not address Plaintiff's specific allegations as clarified on November 12, 2019. *See* Order [16].  Plaintiff is not challenging the ALJ's February 20, 2018 decision.  Instead, Plaintiff claims the SSA improperly withheld funds from Plaintiff after he was awarded benefits.  Thus, the Court ordered Defendant to file a response specifically addressing Plaintiff's allegations as clarified on November 12, 2019. *See* Order [40].

Thereafter, Defendant filed his Response [49], arguing that this action should be dismissed because there is no final administrative decision properly before this Court for review pursuant to 42 U.S.C. § 405(g).  Defendant also argues that, to the extent Plaintiff is challenging the ALJ's February 20, 2018 decision, this action is untimely as set forth in his Motion to Dismiss [36].

## ANALYSIS

*Defendant's Response [49] to Plaintiff's Allegations as Clarified on November 12, 2019*

In support of his Response [49], Defendant provided a declaration from Tara Vaughn-Modkins, a "Social Insurance Expert" with the SSA. According to Vaughn-Modkins, Plaintiff began receiving SSI benefits in April of 2008, but in January of 2014, Disability Determination Services issued a medical cessation determination finding that Plaintiff was no longer disabled and should no longer receive benefits. Vaughn-Modkins states that the cessation of benefits became effective in January of 2014, but the medical cessation determination was not uploaded into the SSA system until February of 2015, resulting in a determination that $11,320.20 in overpayments were made to Plaintiff. According to Vaughn-Modkins, Plaintiff did not appeal the overpayment determination.

On March 9, 2015, Plaintiff filed a new application for SSI benefits, and on February 20, 2018, an ALJ awarded Plaintiff benefits. According to Vaughn-Modkins, the SSA recovered the $11,320.20 overpayment from Plaintiff's retroactive benefits which were awarded on February 20, 2018. Vaughn-Modkins states that the SSA also reduced the amount of Plaintiff's benefits as a result of "in-kind support and maintenance" and "presumed maximum value."[1] Vaughn-Modkins states that Plaintiff did not appeal these reductions in benefits.

---

[1] SSI benefits may be reduced as a result of income received by an SSI recipient. *See* 20 C.F.R. §416.1100. "Income is anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102. When an SSI recipient lives in the household of another person who provides both food and shelter, in-kind income is valued at one-third of the recipient's federal benefit rate, regardless of its actual value. *See* 20 C.F.R. § 416.1131. When an SSI recipient receives food and shelter from another person but does not live in the household of that person, the SSA presumes that the in-kind income is worth a maximum value which is equal to one-third the recipient's federal benefit rate plus $20.00, but the recipient may show that his in-kind income is less than the presumed value. *See* 20 C.F.R. § 416.1140.

Defendant argues that because Plaintiff failed to appeal the overpayment and reduction in benefit determinations, this Court may not consider Plaintiff's claims. Exhaustion of administrative remedies is a prerequisite to seeking judicial review under § 405(g). "A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies." *Celestine v. SSA*, 486 Fed. App'x 418, 419 (5th Cir. 2012) (citing 42 U.S.C. § 405(g)). Exhaustion "requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an [ALJ], and review by an Appeals Council." *Id* (citing 20 C.F.R § 416.1400(a); *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975); *California v. Sanders*, 430 U.S. 99, 108 (1977)). "Suspension, reduction, or termination" of SSI benefits and decisions concerning "[w]hether an overpayment of benefits must be repaid" are initial determinations. *See* 20 C.F.R. § 416.1402.

The record demonstrates that there were adverse initial determinations concerning overpayments and the reduction of benefits. Plaintiff, however, points to no evidence demonstrating that he completed the entire four-step process required for proper exhaustion under the Social Security Act.[2] According to Vaughn-Modkins, Plaintiff did not appeal the initial determinations.[3] Because Plaintiff failed to exhaust his administrative remedies, this

---

[2] "[I]n order to maintain jurisdiction, Plaintiff must demonstrate the existence of subject-matter jurisdiction by a preponderance of the evidence by submitting facts through an evidentiary method to meet [his] burden of proof." *Mather v. Colvin*, 2016 WL 8137654, at *2 (N.D. Tex. Nov. 28, 2016) (citing *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

[3] Vaughn-Modkins states that because SSA offices have been closed with employees teleworking since March of 2020 due to COVID-19, "it is difficult to determine with certainty if a paper appeal may exist that has not yet been updated in SSA's electronic system." Even if the Court were to assume that Plaintiff appealed the initial determinations, there is no evidence demonstrating that Plaintiff completed the entire four-step process. Moreover, this action was filed on June 7, 2019, approximately nine (9) months prior to the COVID-19 pandemic.

4

Court lacks jurisdiction to hear this action, and this action should be dismissed. *See Celestine*, 486 Fed. App'x at 419.

*Defendant's Motion to Dismiss [36]*

As previously mentioned, Defendant filed a Motion to Dismiss [36], arguing that this action is untimely because Plaintiff failed to file this action within sixty days of the Appeals Counsil's decision concerning the February 20, 2018, ALJ decision. Plaintiff, however, is not challenging the ALJ's February 20, 2018 decision, but challenging the reduction of funds *after* he was awarded benefits. Thus, the Motion to Dismiss [36] should be denied.

*Plaintiff's Motions [43] [44]*

On May 26, 2020, Plaintiff filed a Motion [43], requesting that the Court order the SSA to provide him a larger monthly payment. Additionally, on May 28, 2020, Plaintiff filed a Motion [44], in which he does not request any specific relief but appears to argue that money he received from his parents—which the SSA counted as income—was a loan and should not be considered income. Pursuant to 20 C.F.R. § 416.1103(f), loans are not considered income. This Court, however, lacks jurisdiction to consider the issues presented in the Motions [43] [44] because Plaintiff failed to exhaust his administrative remedies. Thus, the Motions [43] [44] should be denied.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends as follows:

1. Defendant's Motion to Dismiss [36] be DENIED;

2. Plaintiff's Motion [43] be DENIED;

3. Plaintiff's Motion [44] be DENIED;

4. This action be DISMISSED for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th day of August, 2020.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE